Judge Mills
delivered the Opinión of the Court.
The Complainant below filed bis bill; allegingthat he was possessed for a long time, of a tract of land of 200 acres, and holding title thereto; that a oertain James French set up title to the same land, under an adverse patent and insisted that he was entitled thereto; and to quiet his title and possession, be bought of French, at the rate of one dollar per acre and executed his note fob the money, and French executed his bond to him stipulating to convey the land when the purchase money was paid, retaining the title, as a security for the purchase money*
That on his failing to make payment on the day st was due, French brought suit against him on his note and obtained judgment, and then went into the clcrk’s Office, and executed a deed to him for the Jand, without his knowledge or consent, and when told of it, he refused to accept it, and never had arcepted; hut French paid the tax on the deed, and caused it to be recorded, and then caused his execution to be levied on the land, and at the sheriff’s sale purchased the land at a sum less than the execution, leaving a balance still due thereon, and that he had lost or mislaid the bond of French for the title, or it was in the possession of one of the do-fondants, lie is doubtful which, and on this, as well to other allegations, be calls for an answer.
lie then states that French afterwards sold the land and conveyed if to John kclsoe, and also as *386 signed tó him the balance of the judgment. That Keisoe brought an ejectment against him for the land, on Ufé trial of which he made proof of his nonacceptance of the conveyance from French, and the court instructed the jury that if he had not accepted the conveyance no title passed, but still the jury found a verdict against him and judgment was rendered accordingly; that being poor, and his means exhausted, he ceased to contend for the possession longer and left it, and Keisoe took and enjoyed it, and was now pressing him with the balance of the execution for the purchase money assigned to him, Keisoe, by French.
McClain . makes French anil Itelsoe Uofemtanls to his bill, and prays for injunction arid general relief.
Kelsoo’s answer. French demurs, and the circuit court sustains the demurrer.
Judgments in ejectment do not iu the general conclude the parties as to any matter that may have been there fried so as to prevent its investigation iu chancery.
He made Keisoe and French defendants, and jwayed for and obtained an injunction* and that the land might be restored to him with rents, or that it might bfc sold foV the. debt and the balance be paid to him, or for general or some relief.
Keisoe answered, but French demurred to the bill, and the court sustained the demurrer, and dissolved the injunction, and dismissed the bill with costs and damages as to French, and let the cause stand as to Keisoe.
To reverse, the decree oii the demurrer as to French he has prosecuted this writ of error.
It is clear that the complainant is at liberty to aver and shew the fact that he never accepted the deed from French to him, notwithstanding the judgment in ejectment obtained by French’s alienee against him. Tiiis billls not brought to enjoin that judgment, and as the verdict and judgment in ejectment, is no bar to another action brought for the same land, on the demise of the same lessor, against the. same tenant, so in all contests in chancery, when the judgment is used collaterally, except in hills brought to impeach or be relieved from it, it cannot be held to conclude the, parties thereto.
Resides, this judgment is obtained by Keisoe ámí not by French, against whom this writ of error is brought, and it is more, than probable, that Keisoe recovered not on the- strength of the sale, by execution. but by the force of the title conveyed to him by French independent of the sheriff’s sale.
Obligor cannot vest obli-. gee with the title b-. making and having a dood recorded against his Will— Nor so discharge his obligation— Nor rc-arquire the title ho had thus Kof parted with by purchasing the land under execution ngaiiist obligee for the purchase money— If obligor in. such case convey to another ho shall not after-wards coerce the purchase money.
II. is not clear that refusal of obligee lo accept the conveyance be-, fore it was demao.labio will preclude him from afterward» insisting on it in equity.
If obligor af-j forwards con-, voy to another, obligee may have a rescission,
it is also evident that on McClain, the plaintiff in error, refusing to accept the deed from French, he, McCiain* took no title from, French, and the conveyance bond from French to him, remained undischarged and in full force, and French by the sale under execution, did not take back any title which he parted with by his conveyance, for he had parted with none, but only obtained the title, such as it is, which McClain held before he bought, arid took the bond from French.
If after the refusal of McClain to accept the conveyance,, French had treated the contract as no longer obligatory upon him, and had declined further to insist upon it, ami had sold the land to Kelsoe, he would have had more plausible, grounds, on. which he could rest his exemption from the relief sought by the bill of McClain. But ibis he did not do. lie proceeds to insist upon the. coercion of his contract, by execution against McClain, and at the same time has conveyed away the title to Kelsoe, which he stipulated to convey to McClain. He cannot be permitted to do both, If be insists, upon the contract, he. must stand ready to fulfil it; if he abandons the contract by a sale of the land to another he. must give up his.claiin.&gaipst McCiain for the purchase money.
The only plausible answer which, French., could give to these positions, is, that by offering, a title to McClain, and his rejection thereof, he, McClain, can never afterwards resort toa court of equity to coerce the contract, but is left to his remedy at law. It is by no means clear that McClain, by rejecting the title, cut off a future application to a court of equity, French was not bound to convey till the purchase, money was paid, consequently McCiain could not be bound to accept .fill. French was bound to convey, and the fact of his refusing to accept before, ho was bound to do so. cannot forfeit his right to insist upon his contract after if came to maturity.
But if it be admitted that McClain lost his right to resort to a court of equity by rejecting the conveyance offered U\ French, and that his remedy at law alone remained, that remedy is so impeded with dif’icn.ties that he may have a. right to rcsont to a *388 court of equity, because be alleges that his bond is lost, or in possession of the defendants; but still more, became he can have no remedy at law, till the money is paid, or until French violates bis part of the contract which he has done by Conveying away the land, ami this conveyance we conceive may give McClain a right to set asido the contract.
Triplett for plaintiff; Jas. Trimble for. defendant,
'Che court, therefore, erred in sustaining the demurrer of French to the bill, and the demurrer must be reversed with costs and the cause be remanded for new proceedings, not inconsistent with this opinion.